UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER L. CHILDS,

        Petitioner,

v.

        Case No. 21-cv-1219-pp

UNITED STATES OF AMERICA,

       Respondent.

---

**ORDER SCREENING §2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. NO. 1)**

---

On October 20, 2021, the petitioner, representing himself, filed a motion under 28 U.S.C. §2255 challenging his 2020 conviction in <u>United States v. Childs</u>, Case No. 8-cr-69-pp (E.D. Wis.). Dkt. No. 1. The motion asserts four grounds for relief, all of which raise various ineffective assistance of counsel claims. <u>Id.</u> at 6-10. This order screens the motion under Rule 4 of the Rules Governing Section 2255 Cases. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond. The court regrets that its caseload and trial schedule delayed the issuance of this screening order.

**I.    Background**

    A.    <u>Underlying Federal Case</u>

        1.    *Indictment*

On July 24, 2018, the grand jury returned an indictment charging the petitioner with one count of conspiracy to engage in sex trafficking in violation of 18 U.S.C. §1594(c); five counts of sex trafficking involving force, fraud or

1

coercion in violation of 18 U.S.C. §§1591(a)(1) and 1591(b)(1); and one count of sex trafficking of a child and by force, fraud and coercion in violation of 18 U.S.C. §§1591(a), 1591(b)(1), and 1591(b)(2). United States v. Childs, Case No. 18-cr-69 (E.D. Wis.), Dkt No. 18.

2. *Plea agreement*

On September 11, 2019, the petitioner (represented by Attorney Daniel H. Sanders) signed and filed a plea agreement. Dkt. No. 47. The agreement stated that the petitioner was pleading guilty to sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. §§1591(a)(1) and 1591(b)(1) (Count Four of the second superseding indictment). Id. at ¶4. It stated that the petitioner had read and fully understood the charges in the second superseding indictment and "the nature and elements of the crimes with which he ha[d] been charged" and that his attorney had fully explained "the terms and conditions of the plea agreement." Id. at ¶3. In the agreement, the petitioner acknowledged, understood and agreed that he was guilty of the offenses charged in Count Four of the second superseding indictment. Id. at ¶5. He admitted that facts attached to the plea agreement established his guilt beyond a reasonable doubt and were true and correct. Id. The agreement stated that the petitioner understood and agreed that Count Four involved a maximum prison term of life with a mandatory minimum sentence of fifteen years. Id. at ¶6. The agreement also stated that the petitioner understood and agreed that Count Four carried a maximum fine of $250,000, a maximum term of supervised release of three years, and mandatory special assessments totaling $5,100. Id. The agreement stated that the petitioner acknowledged, understood and agreed that he had "discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney." Id. at ¶7.

The agreement also laid out the elements of Count Four. Id. at ¶9. It said that the parties understood and agreed "that in order to sustain the charge of sex trafficking by force, fraud, or coercion, as set forth in Count Four," the government must prove beyond a reasonable doubt that (1) the petitioner "knowingly recruited, enticed, harbored, transported, or provided an individual"; (2) the petitioner "knew that force, threats of force, fraud, or coercion would be used to cause the individual to engage in a commercial sex act;" and (3) "the offense was in or affecting interstate or foreign commerce." Id.

The agreement confirmed that the petitioner acknowledged and agreed "that his attorney . . . discussed the potentially applicable sentencing guidelines provisions with [the petitioner] to [the petitioner's] satisfaction." Id. at ¶12. The petitioner acknowledged and understood that the agreement did not "create any right to be sentenced within any particular sentence range, and that the court [might] impose a reasonable sentence above or below the guideline range." Id. at ¶14. The agreement reflected that "[t]he sentencing court [would] make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties" set forth in the agreement. Id. at ¶23. The petitioner acknowledged, understood and agreed that under the terms of the agreement, he could not "move to withdraw the guilty plea solely as a result of the sentence imposed by the court." Id. at ¶24.

The agreement contained the following paragraph:

> 36. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his conviction or sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. As used in this paragraph, the term "sentence" means any term of imprisonment, term of supervised release, term

3

> of probation, supervised release condition, fine, forfeiture order, and restitution order. The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statute or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statute or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentence, or (4) a claim that the plea agreement was entered into involuntarily.

Id. at ¶36.

The agreement further provided that if it "[was] revoked or if [the petitioner's] conviction ultimately [was] overturned, then the government retain[ed] the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of [the] agreement." Id. at ¶43. Finally, the petitioner acknowledged, understood and agreed that he would "plead guilty freely and voluntarily because he [was] in fact guilty," and that "no threats, promises, representations, or other inducements ha[d] been made, nor agreements reached, other than those set forth in [the] agreement, to induce [the petitioner] to plead guilty." Id. at ¶44.

### 3. *Change-of-plea hearing*

On October 3, 2019, the court held a change-of-plea hearing. Dkt. No. 51. The court's minutes reflect that the court placed the petitioner under oath, reviewed the plea agreement with him, questioned him and "recounted that Count Four involved a maximum prison term of life with a mandatory sentence of fifteen years, a maximum fine of $250,000, and a maximum of three years of supervised release" and "a mandatory special assessment of $5,100." Id. The court found that the petitioner understood his trial rights, the penalties

4

associated with the charge, the possible civil ramifications of a conviction and the uncertainty of his ultimate sentence. Id. "The court also found that the [petitioner] entered the plea knowingly and voluntarily, without threats or promises." Id. The court accepted the petitioner's guilty plea and found him guilty of Count Four. Id.

        4.     *Sentencing hearing*

On October 21, 2020, the court conducted the sentencing hearing. Dkt. No. 84. The petitioner appeared in person with Attorney Sanders. Id. The court confirmed with Attorney Sanders that he had reviewed the relevant sentencing documents with the petitioner. Id. at 1. The court explained that while the sentencing guidelines in the presentence report were advisory, the law required the court to begin its sentencing analysis with those guidelines and consider their application to the factors in 18 U.S.C. §3553. Id. The court calculated a base offense level of 34 under U.S.S.G §2G1.1(a)(1), a 2-level increase under §2G1.3(b)(2)(B) "because the [petitioner] unduly influenced a minor to engage in prohibited conduct," a 2-level enhancement under §2G1.3(b)(4)(A) "because the offense involved the commission of a sex act or sexual conduct," a 2-level enhancement under §3B1.1(c) "because the [petitioner] was an organizer, leader, manager, or supervisor in any criminal activity," a 4-level enhancement under §§3D1.3(a),(b), and (c) "because of the number of victims—which the court concluded was 5" and a 3-level reduction under §3E1.1(a) and (b) "for timeliness of acceptance of responsibility." Id. at 3. The court found the total number of criminal history points to be zero, yielding a criminal history category of I. Id. The court concluded that the adjusted offense level of 41 in criminal history category I resulted in an advisory sentencing range of 324 to 405 months. Id.

Each party presented their respective sentencing recommendations: the government recommended that the court impose a sentence of 324 months (twenty-seven years), while the petitioner argued for a sentence of 216 months (eighteen years). Id. at 4. Several members of the petitioner's family spoke to the court on the petitioner's behalf and the petitioner spoke on his behalf. Id. The court imposed a sentence of 324 months of incarceration (twenty-seven years) with credit for time served, followed by five years of supervised release. Id. The court ordered the petitioner to pay a special assessment of $100 and a $5,000 special assessment under the Justice for Victims of Trafficking Act of 2015, for a total assessment of $5,100; the court did not impose a fine. Id. The court entered judgment on October 26, 2020. Dkt. No. 85. The court's judgment reflected the sentence of three hundred twenty-four months of incarceration. Id. at 2.

On November 2, 2020, the government filed a motion to correct the petitioner's sentence under Federal Rule of Criminal Procedure 35(a). Dkt No. 89. The government explained that when the court had prepared the judgment, it did not check the box on page 3, imposing as a condition of supervised release that the petitioner comply with the requirements of the Sex Offender Registration and Notification Act (SORNA). Id. at 2. The government asked the court to impose that condition and stated that the petitioner's counsel opposed the motion because he had not been able to confer with the petitioner. Id. The next day, the court granted the motion, concluding that the petitioner had been convicted of a federal offense under 18 U.S.C. §1591, a "sex offense" as defined by SORNA, and was required to register under §16913 of that statute. Dkt. No. 90 at 2. On November 4, 2020, the court issued an amended judgment, reflecting the added condition of supervised release. Dkt. No. 91.

6

At the conclusion of the sentencing hearing, the court reminded the petitioner that he had waived his right to appeal, but noted that there were some exceptions to that waiver, such as if the sentence the court had imposed was unlawful. Dkt. No. 84 at 4. Consistent with the waiver provision in ¶36 of the plea agreement, the petitioner did not file an appeal.

### B. Petitioner's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. §2255 (Dkt No. 1)

On October 20, 2021—a year after the sentencing hearing—the petitioner filed this motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255. Childs v. United States, Case No. 21-cv-1219-pp (E.D. Wis.), Dkt. No. 1.

## II. Analysis

### A. Standard

In a §2255 proceeding, the court must first review—or "screen"—the motion. Rule 4 of the Rules Governing Section 2255 Proceedings provides that

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A petitioner seeking relief under §2255 must allege either that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a). At the screening stage, the court considers whether the petitioner has raised claims that can be adjudicated in a §2255 proceeding, whether the petitioner has exhausted his claims and whether he filed the motion within the limitations period.

B.  Ineffective Assistance of Counsel Claims

The petitioner asserts that Attorney Sanders provided ineffective assistance of counsel. Dkt. No. 1 at 6-11. In his first ground for relief, the petitioner states that Attorney Sanders was ineffective by failing to investigate witnesses who were willing to testify on the petitioner's behalf. Id. at 6-7. The second ground for relief argues that Attorney Sanders was ineffective for failing to investigate mitigating evidence. Id. at 7. The petitioner contends that Attorney Sanders "did not investigate the 911 tapes, videos, and text messages in order to show the court and or jury" the petitioner's was innocent. Id. Third, the petitioner argues that Attorney Sanders was ineffective in failing to demand discovery and interview the victim. Id. at 8. Finally, the petitioner asserts that Attorney Sanders coerced him into accepting the plea agreement based on "lies, false promises, and intimidation." Id. at 10. Ineffective assistance of counsel claims are generally cognizable on federal *habeas* review. See Gaylord v. United States, 829 F.3d 500 (7th Cir. 2016) (reviewing §2255 motion raising ineffective assistance of counsel claim).

While the claims generally are cognizable on federal *habeas* review, the petitioner may proceed only on claims that are timely and not procedurally defaulted.

1.  *Timeliness*

The petitioner's claims appear to be timely. 28 U.S.C. §2255 imposes a one-year limitation period for filing motions to vacate, set aside or correct federal sentences. The one-year period begins on the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such governmental action;

8

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The court entered its amended judgment on November 4, 2020. Childs, Case 18-cr-69, Dkt. No. 91. The petitioner did not appeal his conviction to the Seventh Circuit Court of Appeals, which means the conviction became final fourteen days after it was entered. 28 U.S.C. §2255(f)(1); Federal Rule of Appellate Procedure 4(b)(1)(A). The petitioner filed his §2255 motion on October 20, 2021, dkt. no 1, within one year after his judgment of conviction became final under §2255(f)(1).

### 2. *Procedural default*

For a claim to be cognizable under §2255, the petitioner must have raised the claim on direct appeal; "[a]ny claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." Delatorre v. United States, 847 F.3d 837, 843 (7th Cir. 2017) (citing Hale v. United States, 710 F.3d 711, 713-14 (7th Cir. 2013)). "Procedurally defaulted constitutional claims are not considered on collateral review unless the petitioner shows either (1) actual innocence or (2) cause and prejudice." Delatorre, 847 F.3d at 843 (citing Bousley v. United States, 523 U.S. 614, 622 (1998)).

The petitioner argues that his counsel was ineffective; he says that if the court agrees, he would like an evidentiary hearing with appointed counsel, and he explains that his ultimate goal is to withdraw his guilty plea. Dkt. No. 1 at

9

11. The petitioner has raised his ineffective assistance of counsel claim for the first time in the §2255 motion. Normally, the doctrine of procedural default would bar his claims because the petitioner did not raise them before this court or the Seventh Circuit. The Seventh Circuit, however, generally allows a petitioner to raise an ineffective assistance of counsel claim for the first time in a §2255 motion "regardless of whether the petitioner could have raised the claim on direct appeal." Delatorre v. United States, 847 F.3d at 845 (quoting Gaylord v. United States, 829 F.3d 500, 506 (7th Cir. 2016)). Even though he did not appeal, the court concludes that the petitioner is not barred from raising his ineffective assistance of counsel claims for the first time in a §2255 motion.

While the petitioner's failure to raise these claims before this court or the Seventh Circuit (his "failure to exhaust" his remedies) does not foreclose him from raising ineffective assistance of counsel claims in a §2255 motion, there is an additional obstacle to *habeas* review—the petitioner's waiver in the plea agreement of his right collateral review. See Childs, Case No. 2018-cr-69, Dkt. No. 47 at ¶36. The Seventh Circuit has held that a waiver of §2255 relief in a plea agreement is enforceable, and that a trial court should treat it no differently than the waiver of a direct appeal. See Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999); see also United States v. Perillo, 897 F.3d 878, 882 (7th Cir. 2018) ("A 'voluntary and knowing waiver of an appeal is valid and must be enforced.'") (quoting United States v. Sakellarion, 649 F.3d 634, 638 (7th Cir. 2011)). The Seventh Circuit will enforce an appeal waiver in a plea agreement "if the terms of the waiver are clear and unambiguous and the defendant knowingly and voluntarily entered into the agreement." United States v. Worden, 646 F.3d 499, 502 (7th Cir. 2011). A waiver of the right to

10

Case 2:21-cv-01219-PP   Filed 04/23/24   Page 10 of 14   Document 2

seek §2555 post-conviction relief, however, does not prevent a petitioner from bringing a claim that (1) the court relied on a constitutionally impermissible factor, such as race or gender, in sentencing him, (2) his sentence exceeds the statutory maximum, (3) his plea was not knowingly or voluntarily made or (4) counsel was ineffective with respect to the negotiation of the plea agreement. United States v. Smith, 759 F.3d 702, 707 (7th Cir. 2014); Hurlow v. United States, 726 F.3d 958, 964 (7th Cir. 2013). Regarding an ineffective assistance of counsel claim, the petitioner "must allege that he entered the plea agreement based on advice of counsel that fell below constitutional standards." Hurlow, 726 F.3d at 966-67. "In other words, he must allege that the plea agreement was 'the product of ineffective assistance of counsel,' or 'tainted by ineffective assistance of counsel[]'." Id. at 967 (quoting United States v. Jemison, 237 F.3d 911, 916 n.8 (7th Cir. 2001) and United States v. Henderson, 72 F>3d 463, 465 (5th Cir. 1995)).

The court will dismiss Grounds One, Two and Three because they do not satisfy any of the four Smith factors allowing the petitioner to circumvent his §2255 waiver. Ground One of the petition alleges that in the summer of 2018, the petitioner gave his lawyer the names of five witnesses who were willing to testify for him as character witnesses (and that one witness also was a fact witness). Dkt. No. 1 at 6-7. The petitioner says that his lawyer did not interview these witnesses. Id. at 7. Ground Two asserts that the defendant's attorney did not investigate 911 tapes, videos and text messages that would have shown that he was not violent and that he did not force anyone to do anything against their will. Id. Ground Three alleges that defense counsel did not interview a particular victim and did not pursue the fact that the government allegedly lost the victim's statement. Id. at 9.

11

These three grounds challenge defense counsel's representation *pre*-plea. They have nothing to do with whether the petitioner entered into the *plea agreement* voluntarily, or whether defense counsel's assistance in negotiating the *plea agreement* was ineffective. The petitioner's waiver of his right to collaterally attack his conviction or sentence contained a very narrow exception for ineffective assistance of counsel claims: an exception allowing the petitioner to argue "ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentence." Grounds One through Three do not argue or allege ineffective assistance in connection with the negotiation of the plea agreement or sentence, so the court will dismiss those grounds as waived.

Ground Four is a closer all. The petitioner titles this ground "Coercion of Counsel." Dkt. No. 1 at 9. He says that Attorney Sanders lied to him to coerce him into signing the plea agreement by falsely informing him that an acquaintance of the petitioner's had been caught by the "Feds" in Florida and had received a sentence of forty-nine years in a similar case. Id. The petitioner asserts that Attorney Sanders told him that if he did not accept the plea agreement, the mother of his children (and his co-defendant in the criminal case) would go to prison for fifteen years and his children would be split up and would end up in the custody of Child Protection Services. Id. at 10. The petitioner alleges that in 2020 Attorney Sanders told the petitioner's sister and daughter that the petitioner would receive no more than nineteen years if he pled guilty. Id. The petitioner contends that he signed the plea agreement based on false promises and intimidation and that he felt coerced. Id.

At the screening stage, the court accepts the petitioner's allegations as true. These allegations fall into the category of challenges allowed by the appeal waiver—an allegation that the petitioner did not voluntarily enter into the plea

12

agreement and that his counsel was ineffective in negotiating the plea agreement. The court will allow the petitioner to proceed on Ground Four because his allegations could support a claim that he did not knowingly and voluntarily enter into the plea agreement. Hurlow, 726 F.3d at 964.

### III. Conclusion

The court **DISMISSES** as waived Grounds One through Three of the petitioner's ineffective assistance of counsel claim.

The court **ORDERS** that within sixty days of the date of this order, the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2255 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner may file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Dated in Milwaukee, Wisconsin this 23rd day of April, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**