UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER L. CHILDS,

        Petitioner,

v.                                  Case No. 21-cv-1219-pp

UNITED STATES OF AMERICA,

        Respondent.

**ORDER GRANTING GOVERNMENT'S MOTION FOR ORDER FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE (DKT. NO. 3) AND ORDERING DEFENSE COUNSEL TO PROVIDE AFFIDAVIT**

On October 20, 2021, the petitioner—representing himself—filed a motion under 28 U.S.C. §2255, asking the court to vacate, set aside or correct his sentence. Dkt. No. 1. On April 23, 2024, the court screened the motion and dismissed three grounds for relief, leaving only the fourth ground for relief (which asserts a claim of ineffective assistance of counsel). Dkt. No. 2. That claim—which the petitioner titled "Coercion of Counsel"—relates to his plea negotiations in the underlying criminal case; it alleges that the petitioner's criminal defense attorney, Attorney Daniel H. Sanders, lied to the petitioner to coerce him into signing the plea agreement, and that the petitioner signed the plea agreement based on false promises, intimidation and coercion. Dkt. No. 1 at 9-10. The court found that the allegations could support a claim that the petitioner did not knowingly and voluntarily enter into the plea agreement and

allowed him to proceed with the claim. Dkt. No. 2 at 12-13 (citing Hurlow v. United States, 726 F.3d 958, 964 (7th Cir. 2013)). The court ordered the government to answer or otherwise respond to the single, remaining claim in the petition within sixty days of the date of the order. Id. at 13.

On May 10, 2024, before it had responded to the petition, the government asked the court to issue an order (1) finding that the petitioner's motion was an implicit waiver of the attorney-client privilege regarding communications relevant to the petitioner's ineffective-assistance-of-counsel claim and (2) requiring Attorney Sanders to file an affidavit in response to the petitioner's claims of ineffective assistance of counsel. Dkt. No. 3. The government argues that because the petitioner challenges the sufficiency of Attorney Sanders's performance, the petitioner implicitly has waived the attorney-client privilege as it relates to the alleged deficiencies in Attorney Sanders's performance. Id. at 4 (citing Garcia v. Zenith Electronics Corp., 58 F.3d 1171, 1175 n.1 (7th Cir. 1995); United States v. Pinson, 584 F.3d 972, 978 (10th Cir. 2009); Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003)). The government asserts that in United States v. Evans, 113 F.3d 1457, 1468 (7th Cir. 1997), the Seventh Circuit "noted that the 'most prudent course,' when there is no express waiver of attorney-client privilege by the client, is to secure a judicial determination that disclosure of communications relating to an ineffective assistance of counsel claim would not violate the attorney-client privilege." Id. at 5. The government argues that because Attorney Sanders represented the petitioner "for the entirety of the proceedings [in his criminal

case], including his sentencing hearing[,]" "Attorney Sanders can provide information that will assist the government in addressing [the petitioner's] current claims." Id. And "because [the petitioner's] remaining claim is predicated on private communications from his lawyer," the government says that "it would be difficult for [it] to respond with specificity to [the petitioner's] allegations that his counsel coerced him to plead guilty[.]" Id. The government asks that if the court finds waiver, that the court "direct Attorney Sanders to provide an affidavit (and, if applicable, documentation) within thirty days addressing the specific claims [the petitioner] has made in Ground Four." Id. The petitioner did not respond to the motion.

On June 18, 2024, while the government's motion remained pending, the government filed its answer to the petition. Dkt. No. 4. The answer reiterates the government's request that the court find that the petitioner has waived attorney-client privilege and its request that the court order Attorney Sanders to provide an affidavit regarding the petitioner's allegations. Id. at 3-4. The government asks the court to "order Attorney Sanders to provide such an affidavit to the United States no later than 30 days after [the petitioner] files a supporting brief in accordance with the Court's screening order[,]" so that government could have "fifteen days to incorporate the affidavit into its responsive brief." Id.

A "party [implicitly] waives [attorney-client] privilege only when he or she has made the decision and taken the affirmative step in the litigation to place the advice of the attorney in issue." U.S. Fire Ins. Co. v. Asbestospray, Inc., 182

3

F.3d 201, 212 (3d Cir. 1999) (quotations and citation omitted); see also Garcia, 58 F.3d at 1175 n.1 ("[T]he attorney-client privilege is generally waived when the client asserts claims or defenses that put his attorney's advice at issue in the litigation."). A litigant cannot invoke the attorney-client privilege if his claim relies on privileged communications. Put differently, "the attorney-client privilege cannot at once be used as a shield and a sword." Whittaker v. Admin. Rev. Bd., 423 F.3d 715, 719 (9th Cir. 2003).

The petitioner has waived his attorney-client privilege as it relates to the alleged private communications underlying his ineffective assistance of counsel claim. The petitioner's remaining claim alleges that Attorney Sanders coerced him into signing his plea agreement by (1) falsely informing him that an acquaintance of the petitioner's had been caught by the "Feds" in Florida and had received a sentence of forty-nine years in a similar case; (2) telling him that if he did not accept the plea agreement, the mother of his children (his co-defendant in the underlying criminal case) would go to prison for fifteen years and his children would be split up and end up in the custody of Child Protection Services; and (3) telling the petitioner's sister and daughter that the petitioner would receive no more than nineteen years if he pled guilty. Dkt. No. 1 at 9-10. The petitioner asserts that through these allegedly false statements, Attorney Sanders coerced him into signing his plea agreement. Id. at 10. Because the success of the petitioner's ineffective assistance of counsel claim depends on whether Attorney Sanders actually made the statements attributed to him in the claim, the petitioner has waived the privilege as it relates to those

4

alleged communications. Garcia, 58 F.3d at 1175 n.1; U.S. Fire Ins. Co., 182 F.3d at 212; Whittaker, 423 F.3d at 719. The court will grant the government's motion; it finds that the petitioner waived the attorney-client privilege as it relates to the allegations in the petition's fourth ground for relief. The court will order Attorney Sanders to provide the government with an affidavit addressing those allegations.

The court **FINDS** that the petitioner has waived his attorney-client privilege with respect to any and all communications between him and Attorney Sanders relating to his claim that Attorney Sanders was ineffective in negotiating the plea agreement, as alleged in Ground Four.

The court **DIRECTS** the Clerk of Court to add Attorney Daniel Sanders to the docket in this case as an Interested Party. The court will send a copy of this order to Attorney Sanders.

The court **GRANTS** the government's motion for an order finding waiver of the attorney-client privilege. Dkt. No. 3.

The court **ORDERS** that as required by the court's screening order (Dkt. No. 2 at 13), the petitioner must file his brief in support of his petition in time for the court to *receive it* by the end of the day on **August 2, 2024**.

The court **ORDERS** that within thirty (30) days after date on which the court receives the petitioner's brief in support, Attorney Sanders must provide to the United States Attorney's Office an affidavit addressing the allegations in Ground Four ("Coercion by Counsel") of the petitioner's §2255 motion. Those allegations include:

5

Case 2:21-cv-01219-PP   Filed 07/02/24   Page 5 of 6   Document 5

- Counsel told me that the 'Feds' had caught an acquaintance of mine in Miami, Florida; and that [the acquaintance's case] was a similar case and had gotten 49 years.

- Counsel also on a prior meeting, told me that if I did not accept a plea agreement that the mother of my children; (Jennifer Campbell) would receive 15 years in prison and my children (1 biological and 2 stepchildren) would be split up and given to Child Protective Services.

- In 2020, Counsel Sanders also told my sister (Jackie Fox) and my daughter (Melissa Hoeppner) that I would receive no more than 19 years if I signed the plea agreement.

Dkt. No. 1 at 9-10.

The court **ORDERS** that the government must include a copy of Attorney Sanders's affidavit with its response to the petitioner's §2255 motion.

Dated in Milwaukee, Wisconsin this 2nd day of July, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**