UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER L. CHILDS,

        Petitioner,

  v.

                              Case No. 21-cv-1219-pp

UNITED STATES OF AMERICA,

        Respondent.

---

**ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING APPELLATE FILING FEE (DKT. NO. 27)**

---

      On October 28, 2025, the court denied the petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255, declined to issue a certificate of appealability and dismissed the case. Dkt. Nos. 20, 21. On January 22, 2026, the petitioner filed a notice of appeal. Dkt. No. 22. On February 18, 2026, the Seventh Circuit transferred to this court the petitioner's motion for leave to appeal without prepaying the appellate filing fee. Dkt. Nos. 26, 27.

      Under Federal Rule of Appellate Procedure 24, a district court may permit an appellant to proceed without prepaying the appellate filing fee if it finds that the appellant is indigent and that he filed the appeal in good faith. Fed. R. App. P. 24(a)(3). Because the Prison Litigation Reform Act does not apply to *habeas* cases, Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir. 2000), the court decides whether a *habeas* appellant is indigent by relying on the

1

information he provides in his affidavit of indigence. See Martin v. United States, 96 F.3d 853, 855-56 (7th Cir. 1996). Under 28 U.S.C. §1915(a)(2), a petitioner seeking to appeal without prepaying the filing fee also must provide "a certified copy of the trust fund account statement (or institutional equivalent) for [the petitioner] for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The petitioner filed the required trust fund statement. Dkt. No. 28.

The petitioner's affidavit is missing one page—page 2, the page on which the petitioner is asked to list the average amount of money he's received over the past twelve months from employment or other sources, as well as his employment history. Dkt. No. 27. But because this court presided over the petitioner's criminal case, it is aware that he has been in custody since March 2018 (almost eight years). United States v. Childs, Case No. 18-cr-69 (E.D. Wis.), Dkt. No. 87 at 1. At the time of his sentencing, he reported that he had not had formal employment since the 1990s. Id. at ¶209. His trust found statement shows that in May 2025 (long before he filed the notice of appeal), he briefly had a balance of over $300. Dkt. No. 5-2 at 9. In the summer of 2025, he had balances between $100 and $200. Id. at 8. Thereafter, his balances rarely topped $100 and often were as low as $0.00 or $0.05. Id. at 1-7. Four days before he filed his notice of appeal, the petitioner's trust account balance was $0.31. Id. at 1. On the pages of the affidavit the petitioner did file, he avers that he has no cash, no bank accounts or assets of value, and no monthly expenses. Dkt. No. 27. The court finds that the petitioner is indigent.

As for good faith, a district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962).

Although the court in its October 28, 2025 order declined to issue a certificate of appealability, the Seventh Circuit has warned district courts against conflating the good faith and certificate of appealability standards; declining to issue a certificate of appealability "is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." O'Brien, 216 F.3d at 634. "To determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Id. On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim—that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The petitioner states that on appeal, he intends to pursue his ineffective assistance of counsel claim, as well as to argue "inappropriate egregious sentence length." Dkt. No. 27 at 1. In the petition he filed with this court, the

3

petitioner alleged that his attorney coerced him into signing the plea agreement based on threats and false promises. Dkt. No. 2 at 12. The court denied the petition, finding the petitioner's allegations to be "fundamentally at odds" with his statements in the plea agreement and under oath. Dkt. No. 20 at 7. Even so, the court cannot say that no reasonable person could suppose that any of the petitioner's claims have merit. Accordingly, the court cannot conclude that the appeal is frivolous.

The court **GRANTS** the petitioner's motion to proceed on appeal without prepaying the appellate filing fee. Dkt. No. 27.

Dated in Milwaukee, Wisconsin this 25th day of February, 2026.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**